| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Adam P. Thursby, Esq. (SBN 318465)<br>Kristin A. Zilberstein (SBN 200041)<br>Jennifer R. Bergh, Esq. (SBN 305219)<br>LAW OFFICES OF MICHELLE GHIDOTTI<br>1920 Old Tustin Ave.<br>Santa Ana, CA 92705<br>Ph: (949) 427-2010<br>Fax: (949) 427-2732<br>athursby@ghidottilaw.com | |

☐ *Individual appearing without attorney*
☒ *Attorney for:* Deutsche Bank National Trust Company as Certificate Trustee on Behalf of Bosco Credit II Trust Series 2010-1

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br>Juan C Rosas | CASE NO.: 2:18-bk-13453-SK |
|---|---|
| | CHAPTER: 13 |
| | **DECLARATION OF** Gina D'Elia |
| | **RE: DEFAULT UNDER ADEQUATE PROTECTION ORDER; REQUEST FOR ENTRY OF ORDER GRANTING RELIEF FROM STAY** |
| | DATE: 10/31/2018<br>TIME: 8:30 am<br>COURTROOM: 1575<br>PLACE: 255 E Temple St., Los Angeles CA 90012 |
| Debtor(s). | |

I, (*print name of declarant*), _Gina D'Elia_ declare as follows:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would testify competently hereto. I am over 18 years of age.

2. On 10/19/2018 the court entered an order conditioning continuation of the automatic stay in the above-entitled bankruptcy case on the performance by the Debtor of certain obligations for the benefit of (*name of Movant*) Deutsche Bank National Trust Company as Certificate Trustee on Behalf of Bosco Credit II Trust Series 2010-1 (Adequate Protection Order). A true and correct copy of the Adequate Protection Order is attached hereto as Exhibit "A."

3. I have knowledge regarding the Debtor's performance (or lack of performance) under the terms of the Adequate Protection Order because (*specify*): I am employed by Franklin Credit Management Corporation which services the subject loan on movant's behalf

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012    Page 1    F 4001-1.DEC.DEFAULT.ADEQ

☐ I am the party for whose benefit the Adequate Protection Order was entered (Movant), and the Adequate Protection Order required the Debtor to make payments directly to me.

☐ I am counsel for the Movant and the Adequate Protection Order required the Debtor to make payments directly to me.

☐ I am employed as _Bankruptcy Manager_ for the Movant and, as such, am one of the custodians of the books, records and files of Movant that relate to payments received from the Debtor. I have personally worked on those books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

☒ Other (specify): I am employed by Franklin Credit Management Corporation which services the loan on movant's behalf

4. The Debtor defaulted upon his/her/its obligations under the Adequate Protection Order by (specify):

   ☒ Failing to make the payment(s) due (date(s)) _October 24th_ under the terms of the Adequate Protection Order.

   ☐ Failing to provide evidence of the existence of insurance coverage required under the terms of the Adequate Protection Order in a timely manner.

   ☐ Other (specify):

5. ☒ a. Movant caused a notice of default (Notice) identifying the default(s) referenced in paragraph 4 above to be served on the Debtor on (date) _10/02/2018_. A true and correct copy of the Notice is attached hereto as Exhibit "B."

   ☐ b. Movant was not required to serve a notice of the default specified in paragraph 4, because the Adequate Protection Order only required Movant to serve a maximum of (number) ____ notices of default and Movant had already served the required number of notices of default (collectively the "Notices") at the time the default specified in paragraph 4 occurred. Copies of all of the Notices are attached hereto as Exhibit "B."

6. Debtor failed to cure the defaults identified in the Notice within the cure period established by the Adequate Protection Order.

7. In light of the foregoing, under the terms of the Adequate Protection Order, Movant is entitled to relief from the automatic stay. Concurrently herewith, Movant is lodging a proposed form of order granting Movant relief from the automatic stay.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/20/18 | Gina D'Elia | [signature] |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                    Page 2                                    F 4001-1.DEC.DEFAULT.ADEQ

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document entitled: **DECLARATION OF** Gina D' Elia **RE: DEFAULT UNDER ADEQUATE PROTECTION ORDER; REQUEST FOR ENTRY OF ORDER GRANTING RELIEF FROM STAY** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 11/20/2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Debtor Counsel: Stuart R Simone info@gomezsimonelaw.com, breyes@gomezsimonelaw.com
info@gomezsimonebk.com; dreid@gomezsimonelaw.com; slim@gomezsimonelaw.com
judith.valen.law@gmail.com
Trustee: Kathy A Dockery (TR)  EFiling@LATrustee.com
US Trustee: United States Trustee (LA)   ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) 11/20/2018, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor: Juan C Rosas 7931 Lynda Ln Bell Gardens, CA 90201 (us mail)

Judge: Honorable Sandra R Klein 255 E. Temple Street, Suite 1582 Los Angeles, CA 90012(US Mail)

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/20/2018 | Krystle Miller | /s/ Krystle Miller |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                Page 3                       F 4001-1.DEC.DEFAULT.ADEQ

# EXHIBIT "A"

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Adam P. Thursby, Esq. (SBN 318465)<br>Kristin A. Zilberstein (SBN 200041)<br>Jennifer R. Bergh, Esq. (SBN 305219)<br>LAW OFFICES OF MICHELLE GHIDOTTI<br>1920 Old Tustin Ave.<br>Santa Ana, CA 92705<br>Ph: (949) 427-2010<br>Fax: (949) 427-2732<br>athursby@ghidottilaw.com<br><br>☒ *Attorney for Movant*<br>☐ *Movant appearing without an attorney* | **FILED & ENTERED**<br><br>OCT 19 2018<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY francis    DEPUTY CLERK |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA –*Los Angeles* DIVISION**

| In re:<br><br>Juan C Rosas<br><br><br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:18-bk-13453-SK<br><br>CHAPTER: 13 |
|---|---|
| | **ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (REAL PROPERTY)** |
| | DATE: 10/31/2018<br>TIME: 8:30 am<br>COURTROOM: 1575<br>PLACE: 255 E Temple Street, Los Angeles CA 90012 |

**Movant:**

Deutsche Bank National Trust Company as Certificate Trustee on Behalf of Bosco Credit II Trust Series 2010-1, its successors and/or assignees

1. The Motion was:    ☐ Opposed    ☐ Unopposed    ☒ Settled by stipulation

2. The Motion affects the following real property (Property):

    *Street address:*    7931 Lynda Lane,
    *Unit/suite number:*
    *City, state, zip code:*    Bell Gardens CA 90201

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                             Page 1                                        F 4001-1.RFS.RP.ORDER

Legal description or document recording number (including county of recording):
Document 06 1798119 Recorded in the official Records of the Los Angeles County Recorder's Office

☐ See attached page.

The Motion is granted under:
   a.  ☐ 11 U.S.C. § 362(d)(1)
   b.  ☐ 11 U.S.C. § 362(d)(2)
   c.  ☐ 11 U.S.C. § 362(d)(3)
   d.  ☐ 11 U.S.C. § 362(d)(4). The filing of the bankruptcy petition was part of a scheme to hinder, delay, or defraud creditors that involved:

     (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval; and/or

     (2) ☐ Multiple bankruptcy cases affecting the Property.

     (3) ☐ The court  ☐ makes  ☐ does not make  ☐ cannot make
        a finding that the Debtor was involved in this scheme.

     (4) If recorded in compliance with applicable state laws governing notices of interests or liens in real property, this order shall be binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of this order by the court, except that a debtor in a subsequent case under this title may move for relief from this order based upon changed circumstances or for good cause shown, after notice and a hearing. Any federal, state or local government unit that accepts notices of interests or liens in real property shall accept any certified copy of this order for indexing and recording.

3. ☐ As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:
   a.  ☐ Terminated as to the Debtor and the Debtor's bankruptcy estate.
   b.  ☐ Modified or conditioned as set forth in Exhibit _____ to this order.
   c.  ☐ Annulled retroactively to the bankruptcy petition date. Any postpetition acts taken by Movant to enforce its remedies regarding the Property do not constitute a violation of the stay.

4. ☐ Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable nonbankruptcy law, but may not pursue any deficiency claim against the Debtor or property of the estate except by filing a proof of claim pursuant to 11 U.S.C. § 501.

5. ☐ Movant must not conduct a foreclosure sale of the Property before (date) _____.

6. ☒ The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Agreement contained within this order.

7. ☐ In chapter 13 cases, the trustee must not make any further payments on account of Movant's secured claim after entry of this order. The secured portion of Movant's claim is deemed withdrawn upon entry of this order without prejudice to Movant's right to file an amended unsecured claim for any deficiency. Absent a stipulation or order to the contrary, Movant must return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this order.

8. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, as to the same terms and conditions as to the Debtor.

9. ☐ The 14-day stay as provided in FRBP 4001(a)(3) is waived.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                         Page 2                      F 4001-1.RFS.RP.ORDER

10. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

11. Movant, or its agents, may, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement. Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.

12. Upon entry of this order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

13. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy case concerning the Property for a period of 180 days from the hearing of this Motion

    (a) ☐ without further notice.

    (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

14. ☐ This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

15. ☐ This order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:

    (a) ☐ without further notice.

    (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

16. ☐ This order is binding and effective in any future bankruptcy case, no matter who the debtor may be

    (a) ☐ without further notice.

    (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

17. ☐ Other (*specify*):

###

Date: October 19, 2018

*[Signature]*
Sandra R. Klein
United States Bankruptcy Judge

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 3                              F 4001-1.RFS.RP.ORDER

entitled, without first serving a notice of default or providing the Debtor with an opportunity to cure, to file and serve a declaration under penalty of perjury setting forth in detail the Debtor's failures to perform under this Adequate Protection Agreement, together with a proposed order terminating the stay, which the court may enter without further notice or hearing.

8. ☒ This Adequate Protection Agreement is binding only during the pendency of this bankruptcy case. If, at any time, the stay is terminated with respect to the Property by court order or by operation of law, this Adequate Protection Agreement ceases to be binding and Movant may proceed to enforce its remedies under applicable nonbankruptcy law against the Property and/or against the Debtor.

9. ☒ If Movant obtains relief from stay based on the Debtor's defaults under this Adequate Protection Agreement, the order granting such relief will contain a waiver of the 14-day stay as provided in FRBP 4001(a)(3).

10. ☒ Movant may accept any and all payments made pursuant to this order without prejudice to or waiver of any rights or remedies to which Movant would otherwise have been entitled under applicable nonbankruptcy law.

11. ☐ Other (specify):

Dated: October 17, 2018

Respectfully submitted,
LAW OFFICES OF MICHELLE GHIDOTTI

/s/ Kristin Zilberstein
Kristin Zilberstein, Esq
Counsel for Deutsche Bank National Trust Company as Certificate Trustee on Behalf of Bosco Credit II Trust Series 2010-1, its successors and/or assignees

Dated: October 7, 2018

Gomez & Simone APLC

Stuart R Simone
Counsel for Debtors

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                            Page 6                                    F 4001-1.RFS.RP.ORDER

# ADEQUATE PROTECTION AGREEMENT

*(This attachment is the continuation page for paragraph 7 of this order.)*

The stay remains in effect subject to the following terms and conditions:

1. ☐ The Debtor tendered payments at the hearing in the amount of $_____.

2. ☒ The Debtor must make regular monthly payments in the amount of $971.26 commencing *(date)* 11/1/18. The amount of these payments may be subject to change under the terms of the parties' original agreements. All payments due Movant under this Adequate Protection Agreement must be paid to Movant at the following address:

    Franklin Credit Management Corporation
    PO Box 829629
    Philadelphia, PA 19182-9629

3. ☒ The Debtor must cure the postpetition default computed through 10/9/18 in the sum of $2974.04 as follows:

    a. ☒ In equal monthly installments of $ 491.35 each commencing *(date)* 11/15/18 and continuing thereafter through and including *(date)* 1/15/18.

    b. ☒ By paying the sum of $ 1500 on or before *(date)* 10/24/18,

    c. ☐ By paying the sum of $ _____ on or before *(date)* _____,

    d. ☐ By paying the sum of $ _____ on or before *(date)* _____,

    e. ☐ Other *(specify)*:

4. ☒ The Debtor must maintain insurance coverage on the Property and must remain current on all taxes that fall due postpetition with regard to the Property.

5. ☐ The Debtor must file a disclosure statement and plan on or before *(date)* _____
    The disclosure statement must be approved on or before *(date)* _____
    The plan must be confirmed on or before *(date)* _____

6. ☒ Upon any default in the terms and conditions set forth in paragraphs 1 through 5 of this Adequate Protection Agreement, Movant must serve written notice of default to the Debtor and the Debtor's attorney, if any. If the Debtor fails to cure the default within 14 days after service of such written notice:

    a. ☐ The stay automatically terminates without further notice, hearing or order.
    b. ☒ Movant may file and serve a declaration under penalty of perjury specifying the default, together with a proposed order terminating the stay, which the court may grant without further notice or hearing.
    c. ☐ The Movant may move for relief from the stay upon shortened notice in accordance with LBRs.
    d. ☐ The Movant may move for relief from the stay on regular notice.

7. ☒ Notwithstanding anything contained in this Adequate Protection Agreement to the contrary, the Debtor shall be entitled to a maximum of *(number)* __2__ notices of default and opportunities to cure pursuant to the preceding paragraph. Once the Debtor has defaulted this number of times on the obligations imposed by this order and has been served with this number of notices of default, Movant is relieved of any obligation to serve additional notices of default or to provide additional opportunities to cure. If an event of default occurs thereafter, Movant will be

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                      Page 4                                    F 4001-1.RFS.RP.ORDER

entitled, without first serving a notice of default or providing the Debtor with an opportunity to cure, to file and serve a declaration under penalty of perjury setting forth in detail the Debtor's failures to perform under this Adequate Protection Agreement, together with a proposed order terminating the stay, which the court may enter without further notice or hearing.

8. ☒ This Adequate Protection Agreement is binding only during the pendency of this bankruptcy case. If, at any time, the stay is terminated with respect to the Property by court order or by operation of law, this Adequate Protection Agreement ceases to be binding and Movant may proceed to enforce its remedies under applicable nonbankruptcy law against the Property and/or against the Debtor.

9. ☒ If Movant obtains relief from stay based on the Debtor's defaults under this Adequate Protection Agreement, the order granting such relief will contain a waiver of the 14-day stay as provided in FRBP 4001(a)(3).

10. ☒ Movant may accept any and all payments made pursuant to this order without prejudice to or waiver of any rights or remedies to which Movant would otherwise have been entitled under applicable nonbankruptcy law.

11. ☐ Other (*specify*):

Dated: October 17, 2018

Respectfully submitted,
LAW OFFICES OF MICHELLE GHIDOTTI

/s/ Kristin Zilberstein
Kristin Zilberstein, Esq.
Counsel for Deutsche Bank National Trust Company as Certificate Trustee on Behalf of Bosco Credit II Trust Series 2010-1, its successors and/or assignees

Dated: October ____, 2018

Gomez & Simone APLC

Stuart R Simone
Counsel for Debtors

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                           Page 5                                    F 4001-1.RFS.RP.ORDER

# EXHIBIT "B"

# THE LAW OFFICES OF MICHELLE GHIDOTTI

November 2, 2018

**OUR FILE NUMBER:**
7501-0104

<u>*Via U.S. Mail and Electronic Mail*</u>
Stuart R Simone
Gomez & Simone APLC
3055 Wilshire Blvd., Suite 550
Los Angeles, CA 90010
855-219-3333
Email: info@gomezsimonelaw.com

Re:    Mr. Juan C Rosas (the "**Debtors**"); Failure to Tender Payments per the Adequate Protection Order; Loan No.: 0002309293 (the "**Loan**"); 7931 Lynda Ln., Bell Gardens CA 90201; ("**Property**")

---

Dear Mr. Simone:

As you are aware we represent Deutsche Bank national Trust Company as Certificate Trustee on behalf of Bosco Credit II Trust Series 2010-1, its successors and assigns ("**Creditor**"). The purpose of this letter is to notify you of a default under the Adequate Protection Order entered on October 19, 2018 (the "**Order**"). A copy of the Order is enclosed herewith for your reference.

Pursuant to the terms of the Adequate Protection Order ("APO"), the Debtors were required to maintain current on all post-petition monthly mortgage payments commencing November 1, 2018 and continuing the 1st day of each subsequent month to Creditor. Additionally the debtors were required to make one (1) payment in the amount of $1,500.00 no later than October 24, 2018. Additionally debtors were to cure the remaining post-petition arrears over three (3) monthly payment of $491.35, beginning November 1, 2018 and continuing until January 1, 2019.

Our client has informed us that as of today, the Debtor has defaulted under the terms of the APO by failing to submit the entire October 24 payment

The default is calculated as follows:

| | | |
|---|---|---|
| 10/24 down payment @ 1500 | = | $1,500 |
| Less funds received | = | $500 |

Total Monthly Mortgage Default:    **$1,000**

Main Document    Page 13 of 13

Mr. Stuart R Simone
November 2, 2018
Page 2

|  |  |
|---|---|
| Attorneys fees | $150.00 |
| **Total Default:** | **$1,150.00** |

As set forth in the APO at Paragraph 4, this letter shall constitute the 14 day written notice required under the terms of the APO. If payment is not received by our client on or before **November 16, 2018**, we will lodge an order seeking to have the automatic stay lifted.

If you have any questions, please call the undersigned.

Best Regards,

THE LAW OFFICES OF MICHELLE GHIDOTTI

*[signature: Adam Thursby]*

Adam Thursby, Esq.

Encls.

CC:  Juan C Rosas
     7931 Lynda Ln
     Bell Gardens, CA 90201